UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHCHIDANAND JHA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EASY MOVING, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 20cv2536-LL-MDD<br><br>**ORDER ON PLAINTIFF'S PENDING MOTIONS**<br><br>**[ECF Nos. 5, 7, 13]** |

On December 31, 2020, Plaintiff filed his complaint, pro se, naming "General Moving and Storage, FL" and "Easy Moving Company, NJ" as Defendants. ECF No. 1. In his Complaint, Plaintiff alleges that in July 2020, General Moving and Storage overcharged him for moving services by providing an incorrect low-ball estimate. *Id*. at 2. Plaintiff therefore sought $3,213 – the difference between the estimated and actual price. *Id*. at 3. Plaintiff further alleges that in October 2020, Easy Moving Company misrepresented the capacity of the moving truck, overestimated the volume of his goods, and damaged and lost some of his items. *Id*. Plaintiff therefore sought $1,000 for the overestimation, as well as $13,815 for the damaged and missing items. *Id*. Plaintiff also sought an unspecified award of punitive damages against both companies. Plaintiff therefore demanded "$19,000+" in damages. ECF No. 1-1.

1

1  On January 15, 2021, Plaintiff filed a proof of service indicating that Ranjana Jha served "Easy Moving/Packrite Movers" by serving Peter Doody, who Plaintiff describes as the "receiver on record for the defendant," on May 5, 2021. ECF No. 3. On March 12, 2021, Plaintiff filed a motion requesting entry of default against "Easy Moving, LLC dba PackRite Movers." ECF No. 5. Plaintiff also moved to correct the name "Easy Moving Company, NJ" to "Easy Moving, LLC dba PackRite Movers." ECF No. 7. Finally, Plaintiff dismissed the case against General Moving with prejudice because he "resolved the dispute." ECF No. 9. On August 3, 2021, the clerk entered default as to "Easy Moving Company, NJ." ECF No. 10. On January 11, 2022, Plaintiff filed a motion to enter default judgment for $5,410 as to Easy Moving, LLC. ECF No. 13. Plaintiff explains that he now seeks a lesser amount because "he received a sum of $9,735.00 from his home insurance company. *Id*. at 1.

Based on the above, Plaintiff's motion to correct "Easy Moving Company, NJ" to "Easy Moving, LLC dba PackRite Movers" [ECF No. 7] is **GRANTED**. The Clerk of Court shall update the docket to reflect the change. The Clerk of Court shall also issue a new summons for Easy Moving, LLC dba PackRite Movers. Plaintiff's motion requesting entry of default [ECF No. 5], and Plaintiff's motion for default judgment [ECF No. 13], against Easy Moving, LLC dba PackRite Movers are **DENIED** because Plaintiff has not shown proof that Easy Moving, LLC dba PackRite Movers has been properly or timely served. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Unless Plaintiff voluntarily dismisses
this action before then, Plaintiff shall properly serve process on Easy Moving, LLC dba PackRite Movers on or before **April 8, 2022**.

**IT IS SO ORDERED**.

Dated:  February 8, 2022

Honorable Linda Lopez
United States District Judge